# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Galen P. Rufus, ) | |
| ) | |
| Petitioner, ) | **ORDER DENYING MOTION TO** |
| ) | **APPOINT COUNSEL; EXTENDING** |
| vs. ) | **DEADLINE TO RESPOND TO** |
| ) | **MOTION TO DISMISS** |
| James Sayler, Warden, ) | |
| ) | Case No. 1:17-cv-096 |
| Respondent. ) | |

The petitioner, Galen P. Rufus ("Rufus"), initiated the above-captioned action on May 12, 2017, with the submission of a petition for habeas corpus relief. On July 14, 2017, respondent filed a response to the petition along with a Motion to Dismiss.

On August 14, 2017, Rufus filed what the court construes as a request for court-appointed counsel and for an extension of time to respond to respondent's Motion to Dismiss.

There is neither a constitutional nor statutory right to counsel in habeas proceedings. See Morris v. Dormire, 217 F.3d 556, 558-559 (8th Cir. 2000); Blair v. Armontrout, 916 F.2d 1310, 1332 (8th Cir. 1990); see also Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993) (explaining that a habeas corpus proceeding is a civil proceeding to which the Sixth Amendment right to counsel afforded for criminal proceedings does not apply). The court may nevertheless appoint counsel for a habeas petitioner at any time if it finds that the "the interests of justice so require." See 18 U.S.C. § 3006A(a)(2). If a court conducts an evidentiary hearing on the petition, the interests of justice require that the petitioner be appointed counsel. See Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts; see also Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994). "If no evidentiary hearing is necessary, the appointment of counsel is discretionary." Abdullah, 18

1

F.3d at 573. When exercising its discretion, the court should determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that the interests of justice require it. Id. (citing 18 U.S.C.A. § 3006A(a)(2) and Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir.1990)). Thus, the court should consider a number of relevant factors, including the legal and factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors. See id.; see also Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The interests of justice do not require the appointment of counsel at this stage of the proceedings. Neither Rufus' claims nor the events giving rise to them appear to be overly complex. The same can be said with the issues raised in respondent's motion. Consequently, Rufus's request for court-appointed counsel is **DENIED** without prejudice. As for Rufus' request for an extension of time to file a response to respondent's motion, it is **GRANTED.** Rufus shall have until September 18, 2017, to file a response to respondent's motion.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court